UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYDEL PERDOMO,

          Petitioner,

      v.

WARDEN, ALLIGATOR
ALCATRAZ,  U.S. ATTORNEY
GENERAL,

          Respondents.

Case No. 2:26-cv-115-KCD-DNF

_____/

## **ORDER**

Plaintiff Raydel Perdomo is a noncitizen who was arrested and turned over to immigration authorities. (*See* Doc. 1.) He has filed an "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241. (*Id.* at 1.) As for relief, he seeks release from ICE custody or a bond hearing. (*Id.* at 2.)

Perdomo was removed from the United States to Mexico after filing this case. (*See* Doc. 6.) That moots his habeas claims attacking his detention. *See, e.g.*, *Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt.*, No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025). Put another way, "[s]ince [Plainitff] already has been released from custody, his prayer for relief has been satisfied." *Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

To be sure, there are exceptions to the mootness doctrine. A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release. But Perdomo's habeas petition challenged only his detention, not the validity of his removal order or anything else. Perdomo has not shown (or even argued) any continuing injury from his prior detention that this Court can now remedy. *See id.* ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001). This applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. *Id.* That is not the case here. To find otherwise, the Court would have to assume that Perdomo will return to the United States and again be detained. That is simply too remote a possibility to sustain federal jurisdiction. *See, e.g., Mehmood v. United States Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020), *Kerbay v. Sessions*, No. 17-21055-CIV, 2017 WL 11697007, at *1 (S.D. Fla. May 2, 2017).

For the reasons above, Perdomo's habeas petition (Doc. 1) is **DENIED as moot**. The Clerk of Court is **DIRECTED** to terminate all deadlines, deny any pending motions as moot, and close the case.

**ORDERED** in Fort Myers, Florida on February 24, 2026.

Kyle C. Dudek
United States District Judge